An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF OLGA KOLAR, DECEASED, | No. 66258 |

RICHARD PEDERSEN,
Appellant,
vs.
STEPHEN KOLAR; AND HEATHER PAYNE,
Respondents.

**FILED**

DEC 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART AND DISMISSING APPEAL IN PART*

This is a pro se appeal arising from a probate matter. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Appellant's notice of appeal does not designate any specific order as being appealed, but in his civil pro se appeal statement, appellant asserts that he is appealing the district court's order on petition for appointment of special administrators to protect assets from losses. In the statement of district court error, however, appellant does not identify any specific error with regard to the order appointing the special administrators or otherwise present any arguments regarding the propriety of that decision, and thus, to the extent that appellant is appealing this determination, we necessarily affirm the district court's decision to appoint the administrators. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that this court will not consider appellate challenges unsupported by salient arguments).

In the statement of district court error, rather than address the order appointing the administrators, appellant focuses on the failure of the district court to order the return of certain property to appellant

sooner than it was actually ordered to be returned and the purported unconstitutionality of EDCR 7.42(b), which provides that "[a] corporation may not appear in proper person." Generally, appellant asks this court to "consider striking EDCR 7.42(b)," and order that he be paid damages for losses he suffered related to this case.

Having considered appellant's arguments and the record before this court, we conclude that we lack jurisdiction to consider these arguments. To the extent that appellant argues that the district court denied him relief based on EDCR 7.42(b), no written order in the district court record denies appellant relief based on this rule.[1] Although appellant asserts in his notice of appeal that his wife's October 7, 2008, motion to request amendment of a record was denied on this basis, there is no written order in the record resolving that motion. And, even assuming that appellant would be able to appeal from such a written order, any oral ruling by the district court in this regard is not appealable. *See Div. of Child & Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective.").

Additionally, to the extent that appellant seeks damages related to the district court's failure to order that certain property be

---

[1]We note that the district court is obligated to enter written orders resolving matters pending before it so that this court may properly review the district court's decisions on appeal. If any written orders have been entered in the district court in regard to the matters discussed above, they were not transmitted to this court in the record on appeal.

returned to appellant earlier than it was actually ordered to be returned, the district court addressed appellant's request for damages in its May 7, 2013, order on petition for compensatory damages. Notice of entry of that order was served on appellant and filed in the district court on May 9, 2013. Thus, any notice of appeal from that order was due to be filed by June 11, 2013. *See* NRAP 4(a)(1); NRAP 26(c). Appellant did not file his notice of appeal, however, until July 2, 2014, more than a year after the time for filing a notice of appeal had passed. Thus, to the extent that appellant seeks to challenge the denial of relief based on EDCR 7.42(b) or the denial of additional damages, we conclude that we lack jurisdiction to consider this appeal. We therefore order the appeal dismissed insofar as it seeks to challenge these rulings.

It is so ORDERED.[2]

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc: Hon. Gloria Sturman, District Judge
Richard Pedersen
Lawyerswest, Inc.
Eighth District Court Clerk

---

[2]In light of this order, we deny as moot all other requests for relief pending in this proceeding.